Stowell *v.* Simmons.

in the case of the *Sea Witch* that an attachment could not issue against such a vessel. The judgment must be reversed.

Ordered accordingly.

Note.—At the same term of the court, the case of the *Sea Witch* was also affirmed in the case of *Morey* v. *The Ship Andalusia*.

---

## CORREAS *vs.* THE CITY OF SAN FRANCISCO.

The case of *Dunbar* v. *The Ayuntamiento of San Francisco*, (*ante, p.* 355,) affirmed.

*By the Court*, BENNETT, J. This action was brought to recover damages sustained from the pulling down of a building by order of the mayor during the raging of a fire. We held in the case of *Dunbar* v. *The Ayuntamiento of San Francisco* that the city was not liable for a similar act of the Alcalde. The principle there decided controls this case, and the judgment should, consequently, be reversed.

Ordered accordingly.

---

## STOWELL *et al. vs.* SIMMONS *et al.*

The case of *Macondray* v. *Simmons*, (*ante, p.* 393,) affirmed.

*By the Court*, BENNETT, J. The question in this case is whether a contractor and material man has, under the Mexican law, a specific lien upon a building in the construction of which the work was done and the materials used. In a case decided at the last term we held, after an examination of Mexican authorities, that no lien existed, and that decision must govern this case. The judgment must be affirmed.

Ordered accordingly.